# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRANK M. NEFF        :

  Plaintiff          :

v              :  Civil Action No. RDB-06-1323

SIDNEY S. CAMPER[1]     :

  Defendant        :

o0o

## MEMORANDUM OPINION

The above-captioned civil rights action, filed May 24, 2006, seeks monetary damages against a judge of the Circuit Court for Talbot County for Plaintiff's criminal conviction. Paper No. 1. Plaintiff alleges that his conviction was obtained using false testimony of a child he was accused of molesting. *Id*. Although Plaintiff failed to pay the court filing fee or provide an indigency application, the court, recognizing his status as an incarcerated person, will grant Plaintiff leave to file in forma pauperis.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Complaint must be dismissed under this standard because Plaintiff is seeking to sue a judge for actions taken in his capacity as a judge, and such action is barred by principles of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous decisions, the

---

[1] Judge Campen's name is misspelled on the docket sheet and the Clerk will be directed to correct it.

resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury".  The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.  A separate Order follows.

June 6, 2006

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE